THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYREIK GILFORD, Appellant. [32 NYS3d 501]—

Judgment, Supreme Court, New York County (Herbert J. Adlerberg, J.H.O. at suppression hearing; Melissa C. Jackson, J., at suppression decision; Bruce Allen, J., at jury trial and sentencing), rendered February 27, 2015, as amended April 10, 2015, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony offense, to a term of six years, unanimously affirmed.

The court properly denied defendant's suppression motion. Furthermore, the jury's verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the credibility determinations made by the respective triers of fact at the hearing and trial regarding an officer's testimony that he observed a drug transaction.

Defendant did not preserve his challenge to expert testimony concerning the practices of drug traffickers, and we decline to

review it in the interest of justice. As an alternative holding, we reject it on the merits. The testimony had a sufficient factual predicate, was helpful to the jury in understanding the evidence presented and in resolving issues raised at trial, and was not prejudicial (*see People v Brown*, 97 NY2d 500, 505-507 [2002]).

Defendant claims that his counsel rendered ineffective assistance by failing to object to the expert testimony. To the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). The testimony was clearly admissible and objecting to it would have been futile; in any event, the lack of objection did not cause any prejudice. Concur—Mazzarelli, J.P., Andrias, Saxe, Gische and Kahn, JJ.